IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE HAUDENOSAUNEE;<br>THE ONONDAGA NATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-909L<br>Judge Thomas C. Wheeler |

**PARTIES' JOINT MOTION FOR TEMPORARY STAY OF LITIGATION AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court issue a stay of the litigation of this case, effective immediately, to and including July 27, 2007. The grounds for this joint motion are as follows:

1. Plaintiffs filed this case on December 28, 2006. See Complaint, Doc. 1. Additionally, Plaintiffs filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, The Haudenosaunee and The Onondaga Nation v. Kempthorne, No. 1:06-cv-02254-JR (D.D.C.), on December 29, 2006. Plaintiffs' allegations in both cases relate to the trust accounting and other trust duties and responsibilities allegedly owed by Defendant to Plaintiffs.

2. Under RCFC 12, the deadline for Defendant to file its Answer or otherwise respond to the Complaint in this case is currently February 26, 2007.

3. Since the filing of Plaintiffs' cases, Plaintiffs' counsel of record has conferred with Defendant's counsel several times, and, among other things, they have discussed and agreed to (a) launch settlement discussions to address or resolve the issues and claims raised by Plaintiffs in this case, as well as the companion case in the United States District Court, The Haudenosaunee, No.

1:06-cv-02254-JR; (b) undertake several activities, including informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) seek a temporary stay of litigation, to and including July 27, 2007, in this case and in the United States District Court case, so that the parties could conduct or continue their settlement discussions.

4. Also, Defendant's counsel has informed Plaintiff's counsel that, by Defendant's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1/] in the United States District Court for the District of Columbia,[2/] and in the United States District Courts in Oklahoma.[3/] See Defendant's Exhibit (Exh.) 1 hereto. Given the number of cases and the significant potential for overburdening already limited resources, Defendant holds the view that it would be sensible for the Tribes in litigation (including Plaintiffs) and Defendant to work together to formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the United States Department of the Interior and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiffs herein) and with counsel

---

[1/] There are currently 57 Tribal trust cases, including this one, in the Court of Federal Claims. See Exhibit (Exh.) 1.

[2/] There are currently 37 Tribal trust cases, including Plaintiffs' companion case, The Haudenosaunee, No. 1:06-cv-02254-JR, in the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits (like Plaintiffs) have also filed companion cases in the Court of Federal Claims. Id.

[3/] There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id.

for the Tribes in litigation, to determine the feasibility of developing a joint, cooperative approach for resolving Plaintiffs' issues and claims as an alternative to litigation. In any event, counsel for the parties in this case (as well as the companion case, The Haudenosaunee, No. 1:06-cv-02254-JR) have agreed that they would undertake the same determination process regarding a joint, cooperative approach with respect to Plaintiffs' issues and claims in Plaintiffs' cases.

5. Additionally, counsel for the parties have discussed the fact that, by counsel's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[4/] in the United States District Court for the District of Columbia,[5/] and in the United States District Courts in Oklahoma.[6/] See Exhibit (Exh.) 1. Given the number of cases and the significant potential for overburdening already limited resources, counsel for the parties herein have agreed that it would be sensible for the Tribes in litigation (including Plaintiffs) and Defendant to work together to formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible. The parties herein are committed to working toward that goal.

6. Given the large number of Tribal trust cases pending in this Court and the United States District Courts and the likely pendency of settlement discussions in those cases, counsel for the parties herein have agreed that it would take time and effort to convene (let alone, conclude) a

---

[4/] There are currently 57 Tribal trust cases, including this one, in the Court of Federal Claims. See Exhibit (Exh.) 1.

[5/] There are currently 37 Tribal trust cases, including Plaintiffs' companion case, The Haudenosaunee, No. 1:06-cv-02254-JR, in the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits (like Plaintiffs) have also filed companion cases in the Court of Federal Claims. Id.

[6/] There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id.

discussion among the parties herein, and that, therefore, it would be appropriate to seek a temporary stay of the litigation in this case, to and including July 27, 2007, so as to permit an adequate opportunity for such a discussion. The parties anticipate that they will require some time to confer and determine how to develop a good-faith process for identifying and producing documents necessary for meaningful settlement discussions and for conducting those settlement discussions. Accordingly, counsel have agreed that, on or before July 27, 2007, they would inform the Court in writing of the outcome of their joint discussion and their proposal, if any, about whether and how to proceed with the case (e.g., informal settlement discussions, formal ADR (including mediation), or litigation.).

7. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Temporarily stay the litigation of this case, to and including July 27, 2007;

b. Make the temporary stay effective immediately, thus deferring, among other things, the time and obligation for Defendant to file its Answer or otherwise respond to the Complaint, until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before July 27, 2007, informing the Court of the status and outcome of their discussions and making a proposal to the Court about whether and how to proceed with the case; and

e. Direct that, in the event that the parties seek to reinstate and proceed with the litigation of this case, the parties set forth, in their joint status report and proposal, their recommendations regarding the deadlines for such items as the filing by Defendant of its Answer or response to the Complaint and the filing of the parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, ¶ 4.

8. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and to pursue the possibility of settlement in this case, as well as in Plaintiff's companion case, The Haudenosaunee, No. 06-cv-02254-JR.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 22nd day of February, 2007,

s/ Martin J. LaLonde
for Curtis G. Berkey
CURTIS G. BERKEY
cberkey@abwwlaw.com
Alexander, Berkey, Williams & Weathers LLP
2030 Addison Street, Suite 401
Berkeley, CA 94704
Tel: (510) 548-7070
Fax: (510) 548-7080

Attorney of Record for Plaintiffs

OF COUNSEL:

SCOTT W. WILLIAMS
swilliams@abwwlaw.com
Alexander, Berkey, Williams & Weathers LLP
2030 Addison Street, Suite 401
Berkeley, CA 94704
Tel: (510) 548-7070
Fax: (510) 548-7080

MATTHEW McKEOWN
Acting Assistant Attorney General

s/ Martin J. LaLonde
MARTIN J. LALONDE
martin.lalonde@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
anthony.hoang@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

THOMAS KEARNS
Office of the Solicitor

United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227