IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE HAUDENOSAUNEE;<br>THE ONONDAGA NATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-909L<br>Judge Thomas C. Wheeler |

**PARTIES' SECOND JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC") and pursuant to this Court's order dated July 5, 2007, the parties respectfully make this second joint motion for extension of the temporary stay of litigation, to and including March 26, 2008. The grounds for the second joint motion are set forth in the following supporting joint status report:

1. Plaintiffs filed this case on December 28, 2006. See Complaint, Docket (Dkt.) 1. Additionally, Plaintiffs filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Haudenosaunee and Onondaga Nation v. Kempthorne, No. 06-cv-02254-JR (D.D.C.), on December 29, 2006. Plaintiffs' allegations in both cases relate to the trust accounting and other trust duties and responsibilities allegedly owed by Defendant to Plaintiffs.

2. Under the Court's July 5, 2007 order, the litigation of this case was temporarily stayed until November 27, 2007.

3. As previously reported, since the filing of this case and Plaintiffs' companion case in the United States District Court, counsel for the parties have conferred and agreed that they would

explore the possibility of resolving Plaintiffs' issues and claims through informal settlement discussions or an alternative dispute resolution (ADR) process; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of settlement discussions or ADR; and that they would seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable or facilitate the parties' settlement discussions or ADR.

4. Also, counsel for the parties have discussed that, by Defendant's calculation, there are presently 104 Tribal trust accounting and trust mismanagement lawsuits pending against Defendant[1/] in different fora: this Court;[2/] the United States District Courts in Oklahoma;[3/] and the United States District Court for the District of Columbia.[4/] Exh. 1.

5. In furtherance of their agreement to undertake informal settlement discussions or ADR process, counsel for the parties have conducted meetings and telephone conference calls to confer about, among other things, the types of relief and the documents and data that Plaintiffs are seeking from Defendant. The meetings and conference calls have included attorneys from the Office

---

1/ Two cases have been added since the parties' last joint status report and joint motion: Belgarde v. United States, No. 07-cv-00265-CFL, and Wolfchild v. United States, No. 03-cv-02684-CFL (Ct. Fed. Cl.).

2/ There are currently 58 Tribal trust cases in this Court (as opposed to 56, as previously reported to the Court). See Exhibit (Exh.) 1 hereto.

3/ There are currently nine cases in the United States District Courts in Oklahoma. Id.

4/ There are currently 37 cases in the United States District Court for the District of Columbia. Id.

of the Solicitor for the United States Department of the Interior (Interior) and from the Office of the Chief Counsel for the Financial Management Service of the United States Department of the Treasury (Treasury) (the federal agencies principally affected by this litigation) and program staffers from the Office of Historical Trust Accounting (OHTA) of the Interior Department.

6. Certain of the documents and data that Plaintiffs intend to seek from Defendant contain information that Defendant asserts are subject to protection from disclosure for one of more of the following reasons: (1) federal statutes, including but not limited to, the Privacy Act, 5 U.S.C. § 552a, including information related to Individual Indian Money (IIM) accounts; Indian Minerals Development Act (IMDA), 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*; (2) as confidential business information; or (3) because they relate to Indian Tribes and/or Indian individuals not parties to this litigation.

7. Based on the parties' discussions, Plaintiffs' counsel prepared and submitted for Defendant's review a draft resolution to be submitted to the member nations of Plaintiff Haudenosaunee for review and possible approval. The resolution authorizes release of certain financial information to the Nations. Defendant's counsel have reviewed the draft resolution and provided their comments to Plaintiffs' counsel. Plaintiffs' counsel will soon submit the resolution to the member nations of the Plaintiff Haudenosaunee for review and approval. If these Nations adopt and pass the resolution as currently drafted, they would consent to Defendant's disclosure to Plaintiffs and their counsel of documents and data related to Defendant's accounting for its

obligations under Article VI of the Treaty of Canandaigua, including but not limited to documents and data related to financial accounts maintained by Defendant in the names of the Nations.

8. Also based on the parties' discussions, Defendant's counsel have prepared and submitted for Plaintiffs' review draft joint stipulations and proposed orders regarding (a) the confidentiality of certain documents, data, and other materials to be provided by Defendant to Plaintiffs, and (b) the confidentiality of settlement discussions to be undertaken by the parties, in the course of this case and the companion case in the United States District Court. Plaintiffs' counsel will soon provide comments on the draft joint stipulations and proposed orders to Defendant's counsel. Once the parties have finalized and executed the joint stipulations and proposed orders, they will file them with this Court and the United States District Court and seek the reviews and possible approvals and entries by the Courts of the joint stipulations as orders of the Court. After the entries of such orders, Defendant will proceed with producing to Plaintiffs' counsel the documents and data requested by Plaintiffs that are confidential under the applicable laws and regulations and that are not privileged.

9. Further as discussed by the parties, OHTA has been and continues to be conducting research and preparing a report on Tribal trust account activity relating to the annual payment set forth under Article VI of the Treaty of Canandaigua of 1794. Once OHTA has completed and vetted the draft research report within the Interior Department, OHTA will provide it to Defendant's counsel, who will relay it to Plaintiffs for their consideration.

10. Additionally, Defendant's counsel have furnished information and materials to Plaintiffs and their counsel regarding the project currently being undertaken by the Inter-Tribal Monitoring Association (ITMA) and OHTA to address certain trust accounting and trust fund

mismanagement claims. Plaintiffs and their counsel have reviewed the information and materials and determined that the ITMA-OHTA project does not address Plaintiffs' issues and claims in this litigation at this time.

11. The parties have made progress in their efforts to determine the possibility of resolving Plaintiffs' issues and claims, without the need for protracted litigation. At the same time, however, the parties require additional time to complete their discussions; implement or complete their foregoing plans; undertake their informal document production process; and establish and proceed with an informal settlement discussion process. Further, they believe that the outcome of certain activities in Plaintiffs' companion case in the United States District Court may affect this case.

12. On July 2, 2007, the United States District Court issued an order in Plaintiffs' companion case, Haudenosaunee and Onondaga Nation v. Kempthorne, No. 06-cv-02254-JR (as well as the other 36 Tribal trust accounting and trust mismanagement cases currently pending before the Court), in which the Court, inter alia, stayed the litigation temporarily in the 37 cases; instructed Defendant to file a motion for remand in the cases by a date certain or be deemed to have waived the motion; and ordered that those cases in which Defendant filed a remand motion be consolidated for the limited purpose of deciding the remand motion. See Order dated July 2, 2007, in Haudenosaunee and Onondaga Nation v. Kempthorne, No. 06-cv-02254-JR (attached hereto as Exhibit 2). After a subsequent, court-granted 10-day extension of time, Defendant filed a remand motion in Haudenosaunee and Onondaga Nation v. Kempthorne, No. 06-cv-02254-JR, as well as the other 36 Tribal trust cases, on August 10, 2007.

13. Briefing on Defendant's remand motion was completed on November 21, 2007. The

parties herein believe that the United States District Court is likely to conduct a hearing on the motion and issue a ruling and that the District Court's ruling may have an impact on the proceedings in this case. Therefore, they believe that it makes sense to seek an extension of the current temporary stay of litigation, to and including March 26, 2008, so as to allow, among other things, an opportunity for the District Court to review and decide the remand motion and, in the event that the District Court renders a decision thereon, for the parties to evaluate the decision, confer, determine, and make a proposal to this Court about whether and how to proceed with this case.

14. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Extend the temporary stay of litigation in this case, to and including March 26, 2008;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint until after the termination of the temporary stay and the obligation of the parties to comply with the requirements of RCFC Appendix A;

c. Order that the parties file a joint status report on or before March 26, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

15. On the one hand, the granting of this joint motion would serve the parties' interests by conserving their limited resources and also promote the goals of judicial economy and efficiency. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties. On the other hand, the denial of the joint motion would impair the parties' ability to work with each

other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiffs' companion case in the United States District Court, without the need for protracted litigation.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 27th day of November, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Curtis G. Berkey* by s/ Devon Lehman McCune
CURTIS G. BERKEY
cberkey@abwwlaw.com
Alexander, Berkey, Williams & Weathers LLP
2030 Addison Street, Suite 401
Berkeley, CA 94704
Tel: (510) 548-7070
Fax: (510) 548-7080

Attorney of Record for Plaintiffs

OF COUNSEL:

SCOTT W. WILLIAMS
swilliams@abwwlaw.com
Alexander, Berkey, Williams & Weathers LLP
2030 Addison Street, Suite 401
Berkeley, CA 94704
Tel: (510) 548-7070
Fax: (510) 548-7080

*s/ Devon Lehman McCune*
DEVON LEHMAN McCUNE
devon.mccune@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1487
Fax: (303) 844-1350

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
anthony.hoang@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

SHANI N. WALKER
THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel

Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227