IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE HAUDENOSAUNEE;<br>THE ONONDAGA NATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-909L<br>Judge Thomas C. Wheeler |

**PARTIES' THIRD JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC") and pursuant to this Court's order dated July 5, 2007, the parties respectfully make this third joint motion for extension of the temporary stay of litigation, to and including July 18, 2008. The grounds for the third joint motion are set forth in the following supporting joint status report:

1. Plaintiffs filed this case on December 28, 2006. See Complaint, Docket (Dkt.) 1. Additionally, Plaintiffs filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Haudenosaunee and Onondaga Nation v. Kempthorne, et al., No. 06-cv-02254-JR (D.D.C.), on December 29, 2006. Plaintiffs' allegations in both cases relate to the trust accounting and other trust duties and responsibilities allegedly owed by Defendant to Plaintiffs.

2. Under the Court's July 5, 2007, order, the litigation of this case was temporarily stayed until November 27, 2007. At the parties' request, the Court issued an order on November 29, 2007, extending the stay of litigation until March 26, 2008.

3. As previously reported, since the filing of this case and Plaintiffs' companion case

in the United States District Court, counsel for the parties have conferred and agreed that they would explore the possibility of resolving Plaintiffs' issues and claims through informal settlement discussions or an alternative dispute resolution (ADR) process; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of settlement discussions or ADR; and that they would seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable or facilitate the parties' settlement discussions or ADR.

4. In furtherance of their agreement to undertake informal settlement discussions or ADR process, counsel for the parties have conducted meetings and telephone conference calls to confer about, among other things, the types of relief and the documents and data that Plaintiffs are seeking from Defendant. The meetings and conference calls have included attorneys from the Office of the Solicitor for the United States Department of the Interior (Interior) and from the Office of the Chief Counsel for the Financial Management Service of the United States Department of the Treasury (Treasury) and program staffers from the Office of Historical Trust Accounting (OHTA) of the Interior Department.

5. Certain of the documents and data that Plaintiffs intend to seek from Defendant contain information that Defendant asserts are or may be subject to various statutes protecting confidential information from disclosure.

6. Accordingly, counsel for the parties have negotiated the language of a draft resolution, and Plaintiffs' counsel have submitted the draft resolution to the member nations of

Plaintiff Haudenosaunee for their review and possible approval. If these Nations adopt and pass the resolution as currently drafted or otherwise provide the requisite authorizations in the manner acceptable to the parties, the Nations would consent to Defendant's disclosure to Plaintiffs and their counsel of documents and data related to Defendant's accounting for its obligations under Article VI of the Treaty of Canandaigua, including but not limited to documents and data related to financial accounts maintained by Defendant in the names of the Nations. Thus far, four member nations — Plaintiff Onondaga Nation, the Tuscarora Nation, the Tonawanda Seneca Nation, and the Mohawk Nation — have passed resolutions or otherwise provided the requisite acceptable authorizations of the release of confidential information to Plaintiffs and their counsel.

7. Also, counsel for the parties have been and continue to be negotiating the language of draft joint stipulations and proposed orders regarding (a) the confidentiality of certain documents, data, and other materials to be provided by Defendant to Plaintiffs, and (b) the confidentiality of settlement discussions to be undertaken by the parties, in the course of this case and the companion case in the United States District Court. The parties are close to completing their negotiations, finalizing, executing, and filing the joint stipulations and proposed orders in this Court, as well as the United States District Court. After the Courts have entered the appropriate confidentiality protective orders and the Haudenosaunee member nations have passed resolutions authorizing the release of certain confidential documents and data to Plaintiffs and their counsel, Defendant will proceed with producing to Plaintiffs' counsel the documents and data Plaintiffs requested that are confidential under the applicable laws and regulations and that are not privileged.

8. Among other confidential documents and data to be produced upon the entries of appropriate protective orders and the passage or promulgation of Tribal resolutions or other

documentation setting forth the requisite Tribal authorization in a manner acceptable to both parties, Defendant intends to produce to Plaintiffs a draft report that OHTA prepared on Tribal trust account activity relating to the annual payment set forth under Article VI of the Treaty of Canandaigua of 1794. Further, Defendant intends to produce to Plaintiffs the results and the supporting materials of the Tribal trust fund reconciliation project that relate to the member nations of Plaintiff Haudenosaunee, including Plaintiff Onondaga Nation. The draft OHTA report and the Tribal trust fund reconciliation project results and supporting materials contain confidential financial information.

9. The parties have made progress in their efforts to determine the possibility of resolving Plaintiffs' issues and claims, without the need for protracted litigation. At the same time, however, the parties require additional time to complete their discussions; implement or complete their foregoing plans; undertake their informal document production process; and establish and proceed with an informal settlement discussion process.

10. On December 19, 2007, the United States District Court for the District of Columbia denied Defendant's motion for the remand to the Interior Department of Plaintiffs' trust accounting request in Haudenosaunee and Onondaga Nation, No. 06-cv-02254-JR. Pursuant to the Court's order, Plaintiffs filed a status report on January 18, 2008, informing the Court that the parties are committed in good faith toward pursuing out-of-court resolution of Plaintiffs' claims in the District Court case and this case and requesting a temporary stay of litigation to and including July 18, 2008. On January 29, 2008, the District Court granted Plaintiffs' request for a temporary stay of litigation until July 18, 2008.

11. Based on the foregoing, the parties hereby respectfully request that this Court grant

the following relief:

a. Extend the temporary stay of litigation in this case, to and including July 18, 2008;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint until after the termination of the temporary stay and the obligation of the parties to comply with the requirements of RCFC Appendix A;

c. Order that the parties file a joint status report on or before July 18, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

12. On the one hand, the granting of this joint motion would not only serve the parties' interests by conserving their limited resources but also promote the goals of judicial economy and efficiency. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties. On the other hand, the denial of the joint motion would impair the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiffs' companion case in the United States District Court, without the need for protracted litigation.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 26th day of March, 2008,

RONALD J. TENPAS
Assistant Attorney General

*s/ Curtis G. Berkey by s/ Devon Lehman McCune*
*pursuant to written authorization*
*on March 26, 2008*

*s/ Devon Lehman McCune*

CURTIS G. BERKEY
cberkey@abwwlaw.com
Alexander, Berkey, Williams & Weathers LLP
2030 Addison Street, Suite 401
Berkeley, CA 94704
Tel: (510) 548-7070
Fax: (510) 548-7080

Attorney of Record for Plaintiffs

OF COUNSEL:

SCOTT W. WILLIAMS
swilliams@abwwlaw.com
Alexander, Berkey, Williams & Weathers LLP
2030 Addison Street, Suite 401
Berkeley, CA 94704
Tel: (510) 548-7070
Fax: (510) 548-7080

DEVON LEHMAN McCUNE
devon.mccune@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1487
Fax: (303) 844-1350

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
anthony.hoang@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

SHANI N. WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

THERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227