**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE HAUDENOSAUNEE;<br>THE ONONDAGA NATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-909L<br>Judge Thomas C. Wheeler |

**PARTIES' FOURTH JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC") and pursuant to this Court's order dated March 27, 2008, the parties respectfully make this fourth joint motion for extension of the temporary stay of litigation, to and including January 16, 2009. The grounds for the fourth joint motion are set forth in the following supporting joint status report:

1. On March 27, 2008, this Court granted the parties' joint motion for a stay of litigation until July 18, 2008, in order to allow the parties to explore the possibility of settlement negotiations to resolve this case.

2. Following this Court's March 27, 2008 stay order, counsel for the parties undertook discussions regarding the scope of possible settlement negotiations, the identification of documents to be produced by Defendant that are relevant or potentially relevant to the discussions, the outstanding legal claims and factual issues to be resolved, and related matters.

3. As the parties have reported, certain of the documents and data that Plaintiffs intend to seek from Defendant contain information that Defendant asserts cannot be disclosed to

the Plaintiffs or their counsel without additional authorizations because the information concerns accounts related to the member nations of the Haudenosaunee, which, except for the Onondaga Nation, are not parties to this lawsuit. The Haudenosaunee consists of six Indian nations, the Onondaga Nation, the Tonawanda Seneca Nation, the Mohawk Nation, the Cayuga Nation, the Tuscarora Nation and the Oneida Nation.

4. Accordingly, counsel for the parties conducted and completed negotiations for the language of a resolution authorizing release of such documents and information to Plaintiffs' counsel. Plaintiffs' counsel have submitted the resolutions to non-party member nations of Plaintiff Haudenosaunee for their review and approval. Three of the member nations of the Haudenosaunee have adopted and passed the resolution as drafted, and have thereby consented to Defendant's disclosure to Plaintiffs and their counsel of documents and data related to Defendant's accounting for their obligations under Article VI of the Treaty of Canandaigua, including but not limited to documents and data related to financial accounts maintained by Defendant in the names of the member nations. The three member nations of the Haudenosaunee that have adopted the resolution are: the Tuscarora Nation, the Tonawanda Seneca Nation, and the Mohawk Nation. In addition, the Onondaga Nation has consented to such disclosures by virtue of its status as a Plaintiff in this action. Plaintiffs continue to work toward obtaining the necessary authorizations from the remaining nations.

5. Also, counsel for the parties are finalizing the language of joint stipulations and proposed orders regarding (a) the confidentiality of certain documents, data, and other materials to be provided by Defendant to Plaintiffs, and (b) the confirmation of the confidentiality of settlement discussions undertaken by the parties, in the course of this case and of Plaintiffs' companion case in the United States District Court for the District of Columbia (D.C.). Once

these are final and are executed, the stipulations will be submitted to this Court and the United States District Court in the companion case for review and approval. After the Courts have entered the appropriate confidentiality protective orders, Defendant will produce to Plaintiffs' counsel the documents and data Plaintiffs have requested that are confidential under the applicable laws and regulations and that are not privileged.

6. As this Court is aware, Plaintiffs filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, *Haudenosaunee and Onondaga Nation v. Kempthorne, et al.*, No. 06-cv-02254-JR (D.D.C.), on December 29, 2006. Plaintiffs' allegations in both cases relate to the trust accounting and other trust duties and responsibilities allegedly owed by Defendant to Plaintiffs. On May 6, 2008, following a hearing in the related case of *Nez Perce Tribe, et al., v. Kempthorne, et al.*, No. 06-cv-2239-JR (D.D.C.), the United States District Court for the District of Columbia invited Defendant, who had signaled an intent to file a motion to dismiss in that case, to "file its motion to dismiss in all the tribal cases that present the same or similar jurisdictional issues" on or before June 6, 2008. After an extension of time, on June 16, 2008, Defendant filed motions to dismiss in *Nez Perce* and seven other related cases but did not file a motion to dismiss in *Haudenosaunee and Onondaga Nation v. Kempthorne, et al.*.

7. The parties are committed in good faith to continue their discussions and believe genuine progress is possible toward an out-of-court resolution of Plaintiffs' claims in this case, as well as Plaintiffs' companion case in the United States District Court.

8. The parties agree that a temporary stay is in their best interests, and they believe that it will best promote the goals of judicial economy and judicial efficiency. *See Landis v. North American Co.*, 299 U.S. 248 (1936) (a court has power to stay the case to promote

economy of time and effort for itself, counsel and litigants). A stay will permit an additional period of time to continue these discussions, and is preferable at this stage to litigation as a means to resolve the issues in this case and Plaintiffs' companion case. Requiring the parties to engage in active litigation will detract from their settlement efforts and will not further the parties' ongoing efforts to uncover information central to the case and to narrow the issues in dispute.

9. For the foregoing reasons, the parties respectfully request a stay of litigation to and including January 16, 2009. The stay will allow sufficient time for the discussions and document production to continue. The parties are requesting that the United States District Court for the District of Columbia extend the temporary stay of litigation in Plaintiffs' companion case until January 16, 2009 as well. Specifically, in this case, the parties request that the Court grant the following relief:

a. Continue the temporary stay of the litigation of this case, to and including January 16, 2009;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint until after the termination of the temporary stay and the obligation of the parties to comply with the requirements of RCFC Appendix A;

c. Order that the parties file a joint status report on or before January 16, 2009, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

WHEREFORE, the parties respectfully request that their motion for extension of the temporary stay of litigation be GRANTED.

Date: July 18, 2008

Respectfully submitted,

ALEXANDER, BERKEY, WILLIAMS
& WEATHERS LLP

s/ Curtis G. Berkey
CURTIS G. BERKEY (D.C. Bar No. 288647)
ALEXANDRA C. PAGE (D.C. Bar No. 461765)
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: (510) 548-7070
Fax: (510) 548-7080
E-mail: cberkey@abwwlaw.com
E-mail: alex.c.page@gmail.com

*Attorneys for Plaintiffs*

RONALD J. TENPAS
Assistant Attorney General

s/ Jody H. Schwarz
JODY H. SCHWARZ (D.C. Bar No. 493998)
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Tel: (202) 305-0241
Fax: (202) 353-2021
E-mail: Jody.Schwarz@usdoj.gov

OF COUNSEL:

ANTHONY P. HOANG
DEVON LEHMAN MCCUNE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources

SHANI WALKER
Office of the Solicitor
United States Department of the Interior

TOM KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury

*Attorneys for Defendant*