# In the United States Court of Federal Claims

No. 06-909L

(Filed: March 23, 2009)

(Unpublished)

```
*****************************   *
THE HAUDENOSAUNEE;              *
THE ONONDAGA NATION,            *
                                *
            Plaintiff,          *
                                *
v.                              *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
                                *
*****************************   *
```

*Curtis G. Berkey*, Alexander, Berkey, Williams & Weathers LLP, Berkeley, California, for Plaintiff.

*Devon Lehman McCune*, with whom were *John C. Cruden*, Acting Assistant Attorney General, and *Anthony P. Hoang*, Of Counsel, United States Department of Justice, Environmental Division, Natural Resources Section, Washington, D.C., *Shani Walker*, United States Office of the Interior, Of Counsel, and *Rebecca Saltiel* and *Thomas Kearns*, United States Department of the Treasury, Financial Management Service, Of Counsel, for Defendant.

OPINION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

On March 13, 2009, counsel for Defendant filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims and 28 U.S.C. § 1500 (2006) ("Section 1500"). Section 1500 divests this Court of jurisdiction where a plaintiff has pending before another court a claim arising out of the same operative facts and seeking the same relief as the claim before the Court of Federal Claims. See 28 U.S.C. § 1500. Defendant argues that "Plaintiffs . . . have a case pending in the United States District Court for the District of Columbia . . . with the same operative facts as their complaint in this Court and seeking overlapping relief." (Def.'s Brief at 1).

Defendant stipulates that Plaintiff filed its complaint in the Court of Federal Claims on December 28, 2006 and in federal district court on December 29, 2006. Id. at 2.

 On March 20, 2009, this Court issued an Opinion and Order in United Keetoowah Band of Cherokee Indians of Oklahoma v. United States holding that "whether a district court claim filed on the same day is pending within the meaning of Section 1500 is an evidentiary issue to be resolved by determining which complaint Plaintiff filed first." (Op. & Order Den. Mot. To Dismiss 9-10, March 20, 2009). The Court concluded that Section 1500 does not divest it of jurisdiction if a plaintiff filed its complaint in the Court of Federal Claims earlier in time than a claim in another court. Id.; see also Berry v. United States, No. 08-330C, 2009 WL 416086, at *1 (Fed. Cl. Feb. 13, 2009); Ak-Chin Indian Comty. v. United States, 80 Fed. Cl. 305, 313 (2008); Salt River Pima-Maricopa Indian Comty. v. United States, No. 06-943L, 2008 WL 1883170, at *5 (Fed. Cl. Apr. 24, 2008); Nez Perce Tribe v. United States, 83 Fed. Cl. 186, 189 (2008); Breneman v. United States, 57 Fed. Cl. 571, 575 (2003), aff'd, No. 03-5156, 2004 WL 1153329 (Fed. Cir. May 10, 2004), cert. denied, 543 U.S. 1021 (2004). In light of Defendant's admission that Plaintiff filed its district court complaint a day before its Court of Federal Claims complaint, the Court finds that Plaintiff's district court claim is not "pending" under the meaning of Section 1500. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is hereby DENIED. The parties shall file a joint status report within 21 days, on or before April 13, 2009, setting forth a proposed schedule for future proceedings in this case.

 IT IS SO ORDERED.

 s/ Thomas C. Wheeler
 THOMAS C. WHEELER
 Judge