# In the United States Court of Federal Claims

No. 06-909L

(Filed: March 27, 2012)

(Unpublished)

```
*******************************  *
THE HAUDENOSAUNEE and            *
THE ONONDAGA NATION,             *
                                 *
              Plaintiffs,        *
                                 *
 v.                              *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
*******************************  *
```

*Curtis G. Berkey*, with whom was *Alexandra C. Page*, Alexander, Berkey, Williams & Weathers LLP, Berkeley, California and Washington, D.C., for Plaintiff.

*Devon L. McCune*, with whom were *Ignacia S. Moreno*, Assistant Attorney General, *Rachel K. Bowen*, and *Anthony P. Hoang*, Of Counsel, United States Department of Justice, Environment and Natural Resources Division, for Defendant.

OPINION AND ORDER ON
DEFENDANT'S RENEWED MOTION TO DISMISS

WHEELER, Judge.

On August 31, 2011, the Government filed a renewed motion to dismiss the complaint of Plaintiffs, the Haudenosaunee and the Onondaga Nation, for lack of subject matter jurisdiction, pursuant to Rules of the Court 12(c) and 12(h)(3).[1] This dispute is largely analogous to that in United Keetoowah Band of Cherokee Indians in Okla. v. United States, in which the Court denied the Government's renewed motion. See No. 06-

---

[1] In an unpublished opinion dated March 23, 2009, the Court denied the Government's first motion to dismiss for lack of subject matter jurisdiction. The Court hereinafter will refer to the 2009 opinion as "Haudenosaunee I."

936L, Op. & Order (Mar. 27, 2012). As discussed below, the Court denies the Government's renewed motion in the instant matter for comparable reasons.

This Court "has no jurisdiction over a claim if the plaintiff has another suit [1] for or in respect to that claim [2] pending against the United States or its agents." United States v. Tohono O'odham Nation, ___ U.S. ___, 131 S. Ct. 1723, 1727 (2011); see also 28 U.S.C. § 1500 (2006). "Two suits are for or in respect to the same claim, precluding jurisdiction in [this Court], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." Id. at 1731. Under the longstanding precedent of the U.S. Court of Appeals for the Federal Circuit, the foregoing limitations on this Court's jurisdiction apply "only when the suit shall have been commenced in the other court before the claim was filed in this [C]ourt." Tecon Eng'rs, Inc. v. United States, 343 F.2d 943, 949 (Ct. Cl. 1965).

Here, Plaintiffs filed the instant suit in this Court on December 28, 2006 and a companion suit "based on the same operative facts" in the U.S. District Court for the District of Columbia on December 29, 2006. Pls.' Mem. (Jan. 17, 2012), at 2; see also Haudenosaunee I, at 1-2 (internal citations omitted). Nevertheless, in United Keetoowah, No. 06-936L, Op. & Order (Mar. 27, 2012), the Court rejected the Government's arguments that (i) Tohono O'odham overruled Tecon; (ii) Tecon was invalid *ab initio* in light of U.S. Supreme Court precedent from the 1920s; (iii) Tecon is limited to its facts; (iv) Tecon is inconsistent with the policies underlying 28 U.S.C. § 1500; and (v) Tecon does not apply in light of Passamaquoddy Tribe, 82 Fed. Cl. 256 (2008), aff'd, 426 F. App'x 916 (2011) (non-precedential). Accordingly, Plaintiffs' suit in district court was not "pending" at the time Plaintiffs filed in this Court and 28 U.S.C. § 1500, as interpreted in Tohono O'odham, does not wrest this Court of subject matter jurisdiction. The Court thus DENIES the Government's renewed motion to dismiss.

On July 18, 2011, the Court stayed formal litigation in this matter to allow the parties "to continue informal discovery and settlement discussions." However, the Court lifted the stay on September 2, 2011 "to allow the Court to determine whether it has subject matter jurisdiction based upon the application of 28 U.S.C. § 1500." On January 17, 2012, the parties reported ongoing settlement discussions "[d]espite the motion to dismiss." J. Status Report, at ¶ 2. In light of this opinion, the Court instructs the parties to file an updated joint status report, on or before Monday, April 16, 2012. The joint status report should document the current state of the informal discovery and settlement discussions, and advise the Court how the parties wish to proceed.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge